UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

VALERIE KLOOSTERMAN

        Plaintiffs

v.

METROPOLITAN HOSPITAL, d/b/a
UNIVERSITY OF MICHIGAN HEALTH-WEST;
RAKESH PAI, an individual; RHAE-ANN
BOOKER, an individual; MARLA COLE, an
individual; THOMAS PIERCE, an individual; and
CATHERINE SMITH, an individual.

        Defendants.

Civil Action No. 1:22-cv-00944
Hon. Jane M. Beckering

---

## DEFENDANTS PAI, BOOKER, COLE, PIERCE AND SMITH'S MOTION TO DISMISS

Defendants Rakesh Pai, Rhae-Ann Booker, Marla Cole, Thomas Pierce, and Catherine

Smith, by and through their attorneys, HALL, RENDER, KILLIAN, HEATH & LYMAN, PC, respectfully

move to dismiss Plaintiff Valerie Kloosterman's ("Plaintiff") Complaint and Jury Demand (ECF

No. 1) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for the following reasons:

1.   Counts I, II, and III against Defendants in their individual capacities are barred by the

Eleventh Amendment to the United States Constitution. As a result, this Court lacks subject matter

jurisdiction over said claims. Fed. R.Civ. P. 12(b)(1).

2.   Counts VI, VII and VIII against Defendants in their individual and official capacities are

barred by the Eleventh Amendment to the United States Constitution. As a result, this Court lacks

subject matter jurisdiction over said claims. Fed. R.Civ. P. 12(b)(1).

1

3. Counts I-III and VI-VIII against Defendants in their individual capacities (Counts I-III and VI-VIII) should be dismissed because the injunctions sought relate only to their jobs. Fed. R.Civ. P. 12(b)(1).

4. The Court should dismiss Plaintiff's requests for injunctive relief against Defendants in their individual and official capacities because Plaintiff did not plead that they possess the power to reinstate her or to remedy the other alleged violations. Fed. R.Civ. P. 12(b)(1).

5. Counts I, II, III, VI, VII and VIII should be dismissed because the dismissal of the claims for injunctive relief requires dismissal of the claims for retrospective declaratory relief, leaving no claims against Defendants. Fed. R.Civ. P. 12(b)(1).

6. Counts I, II, III, VI, VII and VIII against Defendants in their official and individual capacities fail to state claims on which relief can be granted because Plaintiff did not plead factual allegations supporting claims of unconstitutional conduct. Fed. R.Civ. P. 12(b)(6).

7. Counts I, II, III, VI, VII and VIII against Defendants in their official and individual capacities fail to state claims on which relief can be granted because these claims amount to claims of an intra-corporate conspiracy which is not recognized under the law. Further, each such count fails to state claims on which relief can be granted because Plaintiff did not plead the conspiracies with the requisite specificity. Fed. R.Civ. P. 12(b)(6).

8. Counts I, III, VI and VIII against Defendants in their official and individual capacities fail to state claims on which relief can be granted because those claims arise from allegations of invidious discrimination and Plaintiff did not plead a discriminatory purpose. Fed. R.Civ. P. 12(b)(6).

9.  Counts VI, VII and VIII against Defendants in their official and individual capacities fail to state claims on which relief can be granted for the reasons advanced in Defendant University of Michigan Health West's separately-filed Motion to Dismiss. Fed. R.Civ. P. 12(b)(6).

WHEREFORE, Defendants Pai, Booker, Cole, Pierce, and  Smith, respectfully request that this Honorable Court grant their Motion to Dismiss, dismiss all claims against them with prejudice and grant all other relief to which they are entitled.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
Larry R. Jensen (P60137)
Attorneys for Individual Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
jrabin@hallrender.com
ljensen@hallrender.com

January 9, 2023

3

4893-1776-4933v4