UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE KLOOSTERMAN,

    *Plaintiff*,

  v.

METROPOLITAN HOSPITAL, d/b/a University of Michigan Health-West, et al.,

    *Defendants*.

No. 1:22-cv-00944-JMB-SJB
Hon. Jane M. Beckering

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE CORRECTED FIRST AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………….3

INTRODUCTION………………………………………………………………………….4

ARGUMENT………………………………………………………………………………….4

AMENDMENTS…………………………………………………………………..……6

CONCLUSION……………………………………………………………………..…….7

LOCAL RULE 7.2 CERTIFICATE OF COMPLIANCE……………………………………9

## **TABLE OF AUTHORITIES**

**Cases**

*Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776 (6th Cir. 2000)……………………………...…..5

*D.E. & J. Ltd. Partnership v. Conaway*, 284 F.Supp.2d 719 (6th Cir. 2003)………………....4, 5

*Diaz v. Michigan Dept. of Corrections*, 703 F.3d 956 (6th Cir. 2013)……………….….…..……7

*Elezovic v. Ford Motor Co.*, 697 N.W.2d 851 (Mich. 2005)…………………….…………….6, 7

*Foman v. Davis*, 371 U.S. 178 (1962)……………….……………………………...……..…5

*Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508 (1st Cir. 2009)………………..…….6

*Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986)………………………….…………….5

*New Orleans Towing Ass'n v. Foster,* 248 F.3d 1143 (5th Cir. 2001)…………………….…..6

*Saint Michael Acad., Inc. v. Hertel*, No. 22-1054, 2022 WL 14707052 (6th Cir. Oct. 26, 2022)………………………………………………………………….…………………..7

**Rules**

Fed. R. Civ. P. 15(a)(2)……………………………………………..…………………….5

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff Valerie Kloosterman requests leave to amend her Corrected First Amended Complaint ("FAC"). *See* ECF No. 32; (PageID.511). Plaintiff's proposed Second Amended Complaint ("SAC") is attached hereto as Exhibit 1.

The subject amendments are necessary to address the Eleventh Amendment immunity defenses raised by Defendant Metropolitan Hospital d/b/a University of Michigan Health-West's (the "Hospital") Motion to Dismiss (PageID.714-717), and Defendants Pai, Cole, Booker, Smith, and Pierce's ("Defendants") Motion to Dismiss. (PageID.650-653). To respond to these arguments, Plaintiff seeks leave to: (1) amend her state constitutional claims alleged in Counts VI-VIII (PageID.563-568) by dismissing her claims against the Defendants in their official capacities, and allege claims solely for monetary damages against the Defendants in their individual capacities; (2) dismiss her claim against the Hospital under the Elliot-Larsen Civil Rights Act (ELCRA), as alleged in Count IX of the FAC (PageID.569-570), and allege an ELCRA claim for monetary damages against the Defendants in their individual capacities; (3) clarify that her claim for reinstatement is alleged against Defendants in their official capacity only; and (4) amend the FAC to clarify that her claim for nominal damages is made against Defendants in their individual capacities.

**ARGUMENT**

The Sixth Circuit disfavors a "bare request" for leave to amend in a response to a motion to dismiss; the correct procedure is a "properly filed motion for leave to amend." *D.E. & J. Ltd. Partnership v. Conaway*, 284 F.Supp.2d 719, 751 (6th Cir. 2003). When a motion for leave to amend is filed before the court considers a motion to dismiss, the court should "consider[] the

4

motion to dismiss in light of the proposed amendments to the complaint." *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000).

Here, because Plaintiff seeks to amend the FAC more than twenty-one days after the original complaint was served, court permission is required. Courts freely grant leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Sixth Circuit instructs that courts to use "liberality in allowing amendments to a complaint." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). In determining whether to grant leave to amend, a court should consider whether there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although a court has discretion whether to grant leave to amend, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

Plaintiff's request is made in good faith. As discussed more fully below, the proposed amendments are sought to address the Eleventh Amendment immunity claims raised by Defendants and the Hospital in their motions to dismiss, and to clarify her requests for nominal damages and reinstatement. Plaintiff has acted promptly, seeking leave to amend before the Court considers the currently pending Motions to Dismiss. *Conaway*, 284 F.Supp.2d at 751 (requiring parties to "act with due diligence" in requesting leave to amend). This is the first time Plaintiff has asked this Court for leave to amend, and neither the Hospital nor Defendants would be prejudiced by granting the proposed amendments this early in the case. Specifically, this case is only in the pleadings stage, and, at the request of the Hospital and Defendants, the Court has issued a

5

discovery stay until the pending motions are resolved. (PageID.763 (Stay Order); PageID.737 (Defendant's Motion for Stay)).

## AMENDMENTS

In the FAC, Plaintiff alleges state law claims against Defendants in both their individual and official capacities. (PageID.563, ¶316; PageID.565, ¶333; PageID.567, ¶341). As pleaded, her state law claims against Defendants in their official capacities are barred by the Eleventh Amendment. As a result, Plaintiff seeks leave to amend the FAC to allege state law claims *solely* for monetary damages against Defendants in their individual capacities. Simply put, the Eleventh Amendment does not bar Plaintiff's state law claims against Defendants in their *individual* capacities for *monetary* damages. *See Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508, 530 (1st Cir. 2009) (stating that "the Eleventh Amendment, and by implication, *Pennhurst* [,] do [ ] not bar federal suits challenging state action under both state *and* federal law if the relief sought is not of the kind barred by the Eleventh Amendment—as is true of…damages to be paid out of the official's pocket") (citation and internal quotes omitted); *New Orleans Towing Ass'n v. Foster,* 248 F.3d 1143 (5th Cir. 2001) (holding that plaintiff's damage claim against state official in his individual capacity for a violation of his rights under Louisiana law was not barred by the Eleventh Amendment).

Similarly, Plaintiff concedes in her Response to the Hospital's Motion to Dismiss that because the Hospital is a state entity, her state law claim against it under the Elliot-Larsen Civil Rights Act (ELCRA) is barred by the Eleventh Amendment. Accordingly, on the same grounds as discussed above, Plaintiff seeks leave to amend her ELCRA claim to allege monetary damages claims against Defendants (and not the Hospital) in their individual capacities. *See also Elezovic*

*v. Ford Motor Co.*, 697 N.W.2d 851, 853 (Mich. 2005) (holding that defendants can be sued in their individual capacity under the ELCRA).

Plaintiff seeks leave to amend on two other issues. First, with respect to Plaintiff's request for reinstatement (PageID.550, 553-554, 565, 566, 568, ¶¶232, 252, 265, 331, 339, 351), although suits against state officials in their official capacity may include the remedy of reinstatement (*see Diaz v. Michigan Dept. of Corrections*, 703 F.3d 956, 964 (6th Cir. 2013)), Plaintiff recognizes there is no clear authority supporting a reinstatement claim against a state officer in their individual capacity. Therefore, Plaintiff seeks to withdraw her reinstatement claims against the Defendants in their individual capacities, and allege this claim against them solely in their official capacities.

Second, Defendants correctly assert that they are not liable for nominal damages in their official capacities. (PageID.672). "[S]tate officials sued in their official capacities [cannot] be sued for damages under § 1983" – "even nominal ones." *Saint Michael Acad., Inc. v. Hertel*, No. 22-1054, 2022 WL 14707052, at *3 (6th Cir. Oct. 26, 2022). Plaintiff, accordingly, seeks to amend the FAC to clarify that she seeks nominal damages against Defendants only in their individual capacities.

## **CONCLUSION**

For the reasons discussed above, Plaintiff moves this Court to grant her motion to amend the FAC, and allow her to file her proposed SAC. Further, Plaintiff requests the Court to consider the Hospital and Defendants' Motions to Dismiss and her forthcoming Responses in light of the proposed amendments set forth in the SAC. *Begala*, 214 F.3d at 784.

7

Respectfully submitted this 9th day of May, 2023.

*s/ James R. Wierenga*
James R. Wierenga
Michigan Bar #P48946
99 Monroe Ave, NW
Suite 1210
Grand Rapids, MI
Tel. (616) 454-3883
jim@dwlawpc.com

David J. Williams
Michigan Bar #P76932
Bossenbrook Williams PC
1600 Abbot Road, Ste. 200
East Lansing, MI 48823
Tel. (517) 333-5789
david@bossenbrook.com

Michael D. Berry
Michigan Bar #P69206
David J. Hacker
Andrew W. Gould
Roger Byron
Courtney Jones
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy. #1600
Plano, TX 75075
Tel. (972) 941-4444
mberry@firstliberty.org
dhacker@firstliberty.org
agould@firstliberty.org
rbyron@firstliberty.org
cjones@firstliberty.org

Kayla Toney
FIRST LIBERTY INSTITUTE
1331 Pennsylvania Ave., NW, Suite 1410
Washington, DC 20003
Tel. (972) 941-4444
ktoney@firstliberty.org

*Attorneys for Plaintiff*

## LOCAL RULE 7.2 CERTIFICATE OF COMPLIANCE

This Brief complies with the word limit of L. Civ. R. 7.3(b)(i), because, excluding the parts exempted by L. Civ. R. 7.3(b)(i), it contains 1,146 words. The word count was generated using Microsoft Word for Microsoft 365.

>
> *s/ James R. Wierenga*
> James R. Wierenga
> Michigan Bar #P48946
> 99 Monroe Ave, NW
> Suite 1210
> Grand Rapids, MI
> Tel. (616) 454-3883
> jim@dwlawpc.com

May 9, 2023