UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

VALERIE KLOOSTERMAN

    Plaintiffs

v.

METROPOLITAN HOSPITAL, d/b/a
UNIVERSITY OF MICHIGAN HEALTH-WEST;
RAKESH PAI, an individual; RHAE-ANN
BOOKER, an individual; MARLA COLE, an
individual; THOMAS PIERCE, an individual; and
CATHERINE SMITH, an individual.

    Defendants.

Civil Action No. 1:22-cv-00944
Hon. Jane M. Beckering

**DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND CORRECTED FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.    INTRODUCTION AND STATEMENT OF RELEVANT FACTS ................................ 1

II.   STATEMENT OF LAW .................................................................................................... 2

    A. THE COURT SHOULD DENY AS FUTILE PLAINTIFF'S PROPOSED MICHIGAN CONSTITUTION CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES ................................................................... 3

    B. THE COURT SHOULD DENY AS FUTILE PLAINTIFF'S PROPOSED ELCRA CLAIMS AGAINST INDIVIDUAL DEFENDANTS PIERCE, SMITH, COLE AND BOOKER ........................................................................... 5

    C. THE COURT SHOULD DENY AS FUTILE PLAINTIFF'S PROPOSED REINSTATEMENT CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES ............................................................................... 10

    D. THE COURT SHOULD DENY AS FUTILE PLAINTIFF'S PROPOSED NOMINAL DAMAGES CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES ................................................................................. 11

    E. THE COURT SHOULD DENY AS FUTILE THE OTHER CLAIMS IN THE SECOND AMENDED COMPLAINT FOR THE REASONS SET FORTH IN DEFENDANTS' MOTIONS TO DISMISS ................................................... 11

III.  CONCLUSION ................................................................................................................ 12

LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE .......................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................ 3

*Crawford v. Roane*, 53 F.3d 750 (6th Cir. 1995) ........................................................................... 2

*Crump v. Darling*, No. 06-20, 2007 WL 851750, at *14 (W.D. Mich. Mar. 21, 2007) ................ 5

*Elezovic v. Bennett*, 274 Mich. App. 1, 731 N.W.2d 452 (2007) ................................................... 6

*Elezovic v. Ford Motor Co.*, 472 Mich. 408, 697 N.W.2d 851 (2005) ........................................... 6

*Hall v. State Farm Ins. Co.*, 18 F. Supp. 2d 751 (E.D. Mich. 1998) ......................................... 9, 13

*Hollins v. Atl. Co.,* 188 F.3d 652 (6th Cir. 1999) ........................................................................... 9

*Iron Workers Local No. 25 Pension Fund*, 913 F. Supp. 541 (E.D. Mich 1996) .......................... 3

*Jones v. Powell*, 462 Mich. 329; 612 N.W.2d 423 (2000) .......................................................... 3, 4

*KB v. Mills*, 248 Mich. App. 244, 639 N.W.2d 261 (2001) ........................................................... 4

*Kubik v. Central Michigan University Board of Trustees*, 221 F. Supp. 3d 885 (E.D. Mich. 2016) ................................................................................................................. 7, 8, 10

*Mensah v. Caruso*, No. 10-13233, 2011 WL 4027307, at *6 (E.D. Mich. Sept. 12, 2011) ........................................................................................................................................ 4

*Messenger v. Ingham Co. Prosecutor*, 232 Mich.App. 633, 591 N.W.2d 393 (1998) .................. 4

*Misane v. City of Bangor*, No. 21-487, 2023 WL 2856692 (W.D. Mich. Apr. 10, 2023) Cert. denied, No. 1:21-CV-487, 2023 WL 3017663 (W.D. Mich. Apr. 20, 2023) ........................................................................................................................................ 9

*Petties v. Caruso*, No. 06-72, 2007 WL 1032375, at *7 (W.D. Mich. Mar. 29, 2007) ................. 4

*Plautz v. Potter*, 156 F. App'x 812 (6th Cir. 2005) ....................................................................... 9

*Sam Han v. University of Dayton*, 541 F. App'x 622 (6th Cir. 2013) ....................................... 7, 9

*Smith v. Dep't of Public Health,* 428 Mich. 540, 410 N.W.2d 749 (1987), aff'd. sub nom. *Will v. Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ....................................................................................................................................... 3

*Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376 (6th Cir. 1993) ........................................................................................................................ 3

*Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ................................................... 6

**Statutes**

42 U.S.C. § 1983 .................................................................................................... 3, 4, 11

M.C.L. § 37.2201(a) ....................................................................................................... 5

Title VII of the Civil Rights Act of 1964 .................................................................... 1, 10

**Other Authorities**

Eleventh Amendment ............................................................................................. passim

Michigan Constitution .................................................................................................... 5

**Rules**

MCR 2.116(C)(8) ........................................................................................................... 4

Rule 12(b)(1) .................................................................................................................. 1

Rule 12(b)(6) .................................................................................................................. 1

I.      INTRODUCTION AND STATEMENT OF RELEVANT FACTS

Plaintiff's Motion for Leave to Amend Corrected First Amended Complaint (ECF No. 50) should be denied as futile. By way of background, the Court also should consider the dilatory actions and history leading to Plaintiff's instant Motion.[1]

In her original Complaint, Plaintiff Valerie Kloosterman brought nine counts against six Defendants: University of Michigan Health-West ("UMHW") and five individual employees of UMHW. She named those individuals in their individual and official capacities. (ECF No. 1). Plaintiff variously asserted that these Defendants committed constitutional violations and violated Title VII of the Civil Rights Act of 1964 by compelling her to use "biology-obscuring pronouns," denying her a religious accommodation (while granting "secular" accommodations to others), and terminating her employment. *Id.*

In response to the original Complaint, Defendant UMHW brought a Motion to Dismiss, based in part on Eleventh Amendment immunity (under Rule 12(b)(1)) and for failure to state claims on which relief could be granted (Rule 12(b)(6)). (ECF No. 16) The individual Defendants also brought their own Motion to Dismiss, based also on the Eleventh Amendment and Rule 12(b)(6). (ECF No. 23).

In an apparent effort to correct the facial deficiencies of the original Complaint - but without addressing the Eleventh Amendment issues - Plaintiff filed a [Corrected] First Amended Complaint as a matter of right (while the Motions were pending). (ECF No. 32). In light of that

---

[1] After filing her original Complaint on Oct. 11, 2022 (ECF No. 1), Plaintiff amended/corrected deficiencies on Oct. 24, 2022 (ECF No. 5), filed an Amended Complaint on Jan. 30, 2023 (ECF No. 30), again amended/corrected deficiencies on Jan. 31, 2023 (ECF. No. 32), before seeking leave to file her Corrected First Amended Complaint. (ECF. No. 50). It should be noted too that The title of Plaintiff's Motion is disingenuous in that it refers to the need for leave to amend her Corrected First Amended Complaint (without mention of the need for leave to file a **Second** Amended Complaint).

First Amended Complaint, the Court treated the original Motions to Dismiss as moot. (ECF No. 33). In the First Amended Complaint, Plaintiff did not correct any of the Eleventh Amendment immunity issues, thus prompting Defendants to again raise, brief and defend these and other issues in *new* Motions to Dismiss. (ECF Nos. 34 and 36).

Now, Plaintiff seeks leave of this Court to file a new 63-page, 364-paragraph Second Amended Complaint. In the new proposed pleading, and in response to Defendants' Motions to Dismiss, Plaintiff finally abandons various claims that are barred by the Eleventh Amendment or which otherwise fail to afford bases for relief. Among other things, Plaintiff concedes:

- "As pleaded, her state law claims against Defendants in their official capacities are barred by the Eleventh Amendment." (PageID. 960).

- "Plaintiff concedes in her Response to the Hospital's Motion to Dismiss that because the Hospital is a state entity, her state law claim against it under the Elliot-Larsen Civil Rights Act (ELCRA) is barred by the Eleventh Amendment." (PageID. 960).

- "Plaintiff recognizes there is no clear authority supporting a reinstatement claim against a state officer in their individual capacity." (PageID. 961).

- "Defendants correctly assert that they are not liable for nominal damages in their official capacities." (PageID. 961).

- Plaintiff also withdraws all requests for injunctive relief against Defendants under the Michigan Constitution. (PageID. 1010).

Yet, in an apparent effort to make up for these losses, and after two complaints (ECF Nos. 1, 30) and two amendment/corrections to her deficient complaints (ECF Nos. 5, 32), Plaintiff seeks to add *new* claims and remedies, all of which are futile and should be rejected.

## II.    STATEMENT OF LAW

Leave to amend a pleading "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). A proposed amendment is futile where the amended pleading could not withstand a Rule 12(b)(6) motion to dismiss. *Thiokol Corp. v.*

2

*Department of Treasury, State of Michigan, Revenue Div*., 987 F.2d 376, 383 (6th Cir. 1993). In order to survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)[2] (internal quotations and citation omitted).

### A. THE COURT SHOULD DENY AS FUTILE PLAINTIFF'S PROPOSED MICHIGAN CONSTITUTION CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

In her Motion for Leave to Amend, Plaintiff seeks to amend her state constitutional claims by dismissing those against the individual defendants in their official capacities, but by ***adding*** claims against those defendants for monetary damages in their individual capacities.

However, Michigan constitutional tort claims are not available against an individual government actor. In *Jones v. Powell*, 462 Mich. 329; 612 N.W.2d 423 (2000) the Michigan Supreme Court held:

> *Smith* [*v. Dep't of Public Health,* 428 Mich. 540, 410 N.W.2d 749 (1987), aff'd. sub nom. *Will v. Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)] only recognized a narrow remedy against the state on the basis of the unavailability of any other remedy. ***Those concerns are inapplicable in actions against*** a municipality or ***an individual defendant***. Unlike states and state officials sued in an official capacity, municipalities are not protected by the Eleventh Amendment. A plaintiff may sue a municipality in federal or state court under 42 U.S.C. § 1983 to redress a violation of a federal constitutional right. *Monell, supra* at 690, n. 54, 98 S.Ct. 2018 and accompanying text. Further, a plaintiff may bring an action against an individual defendant under § 1983 and common-law tort theories.

---

[2] The Court should also note that Plaintiff's dilatory actions have caused Defendants to incur the time and expense of already responding to an Amended Complaint and one Motion to Amend. For these additional reasons, Plaintiff should not be entitled to an amendment—she acted with undue delay in bringing her claims. Plaintiff is not seeking to assert matters that were unknown at the time the original complaint; thus, the Court should deny the Motion to Amend. (See *Iron Workers Local No. 25 Pension Fund*, 913 F. Supp. 541, 543 (E.D. Mich 1996) ("Plaintiff is not entitled to an amendment because he acted with undue delay in bringing his claims" and was not asserting "matters that were overlooked or were unknown at the time the original complaint.")

3

462 Mich. at 336, 612 N.W.2d 423 (2000) (citation omitted).[3]

In *KB v. Mills*, 248 Mich. App. 244, 639 N.W.2d 261 (2001), the plaintiff sued several individual defendants, including a State trooper, for alleged violations of the Michigan Constitution. The Court affirmed the grant of summary disposition and explained:

> Plaintiff argues that the gynecological examination constituted an unreasonable search and seizure of KB's person and that defendants were liable for damages resulting from this alleged constitutional violation. ***However, our Supreme Court has clearly held that no inferred damages remedy for a violation of a state constitutional right exists against individual government employees***. *Jones v. Powell*, 462 Mich. 329, 335, 612 N.W.2d 423 (2000). ***Therefore, with regard to the alleged constitutional violation, plaintiff has failed to state a claim on which relief can be granted. MCR 2.116(C)(8).*** The trial court did not dismiss plaintiff's claim on this ground. Nevertheless, "[w]hen this Court concludes that a trial court has reached the correct result, this Court will affirm even if it does so under alternative reasoning." *Messenger v. Ingham Co. Prosecutor*, 232 Mich.App. 633, 643, 591 N.W.2d 393 (1998). We therefore hold that the trial court properly granted summary disposition to all defendants on plaintiff's constitutional claim.

639 N.W.2d at 267 (emphasis added). Accord *Petties v. Caruso*, No. 06-72, 2007 WL 1032375, at *7 (W.D. Mich. Mar. 29, 2007) (no monetary damages can be sought against Michigan Department of Corrections employees sued in their individual capacities because "Michigan law does not provide a cause of action for monetary damages against individual government employees for alleged violations of Michigan's constitution."); *Mensah v. Caruso*, No. 10-13233, 2011 WL 4027307, at *6 (E.D. Mich. Sept. 12, 2011) (citing holding in *Jones* that "there is no damage remedy for a violation of the Michigan Constitution against a municipality or an individual government employee. Because Plaintiff asks solely for money damages, his claims against [Michigan Department of Corrections employees] Defendants Wolfenbarger and Haas in their

---

[3] While sovereign immunity forecloses Section 1983 claims against the individual defendants in their official capacities, Plaintiff is pursuing Section 1983 claims against the individual defendants in their individual capacities.

4

individual capacities are dismissed"); *Crump v. Darling*, No. 06-20, 2007 WL 851750, at *14 (W.D. Mich. Mar. 21, 2007) (dismissing claims under thee Michigan Constitution against MDOC employees sued in their individual capacities).

Consistent with the foregoing authority, Plaintiff's proposed new claims against the individual defendants for monetary damages under the Michigan Constitution are futile. The proposed Second Amended Complaint should be denied.

In addition, as set forth in Defendants' Pai, Booker, Cole, Pierce and Smith's Motion to Dismiss, Plaintiff's individual-capacity claims under the Michigan Constitution are barred by the Eleventh Amendment and fail to state claims on which relief can be granted. (See PageID. 650-663). For these reasons, too, Plaintiff's individual capacity claims for money damages under the Michigan Constitution are futile and leave to amend should be denied.

### B. THE COURT SHOULD DENY AS FUTILE PLAINTIFF'S PROPOSED ELCRA CLAIMS AGAINST INDIVIDUAL DEFENDANTS PIERCE, SMITH, COLE AND BOOKER[4]

Plaintiff seeks leave to dismiss her ELCRA claims against UMHW, which claim is barred by the Eleventh Amendment, but now seeks to add ELCRA claims for monetary damages against the Defendants Pai, Booker, Cole, Pierce and Smith in their "individual capacities." (PageID. 827). In the proposed Second Amended Complaint, Plaintiff would allege that *all five individuals* terminated her because of her religious beliefs and in retaliation for requesting an accommodation of her religious beliefs. (PageID. 888, 359-360).

Article 2 of ELCRA defines an "Employer" as "a person who has 1 or more employees, and includes an agent of that person." M.C.L. § 37.2201(a). Plaintiff seeks to hold all five individuals personally liable as "agents" for UMHW in connection with her termination.

---

[4] For purposes of this Motion, only, Defendants do not dispute that Plaintiff may pursue an ELCRA claim against Defendant Pai for individual liability.

5

However, the proposed Second Amended Complaint does not plead a basis for individual liability under ELCRA against four of the individual defendants. The Michigan Supreme Court has held that ELCRA permits individual liability for an "agent" of the employer, including "an agent who sexually harasses an employee in the workplace." *Elezovic v. Ford Motor Co.*, 472 Mich. 408, 697 N.W.2d 851, 854 (2005). The Supreme Court did not define an "agent." *See id.* After remand, however, the Michigan Court of Appeals explained further:

> ***Specifically, persons to whom an employing entity delegates supervisory power and authority to act on its behalf are "agents,"*** as distinguished from coemployees, subordinates, or coworkers who do not have supervisory powers or authority, for purposes of the CRA.

*Elezovic v. Bennett*, 274 Mich. App. 1, 731 N.W.2d 452, 458 (2007) (emphasis added).

Plaintiff does not plead facts that UMHW delegated to Defendants Pierce, Smith, Cole and Booker the "supervisory power and authority to act on its behalf" with regard to her employment. *Elezovic,* 731 N.W.2d at 458.[5] Instead, she claims that ***Defendant Smith*** is "Nurse Practitioner and a member of the Advanced Practice Providers' Council" and says Smith "***was in a liaison role connecting the providers with HR, her supervising physician, and her office manager***." (PageID. 834, 842, ¶¶ 29, 76) (emphasis added). Plaintiff identifies Defendant Pierce as the Diversity, Equity & Inclusion Program ***Coordinator***. (PageID. 834, ¶¶ 28-29) (emphasis added).

***Defendant Booker*** is the Vice President for Diversity, Equity and Inclusion. (PageID. 834, ¶ 26). And, in responding to the individual Defendants' Motion to Dismiss the Corrected First Amended Complaint, Plaintiff states that, after a meeting, Booker told Plaintiff she would "***speak with management***," an acknowledgement that Booker herself had no management authority over

---

[5] Incredibly, in responding to the individual Defendants' Motion to Dismiss, Plaintiff asserts that "[e]ach Defendant holds a position as a high-level manager and supervisor for the Hospital," an allegation that appears ***nowhere*** in Plaintiff's actual or proposed pleadings. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

6

Plaintiff. (PageID. 978). **Defendant Cole** is Director of Human Resources. (PageID. 834, ¶ 27). And, as with Defendants Pierce, Smith and Booker, Plaintiff does not allege that they have supervisory authority over Plaintiff. Because Plaintiff does not plead facts that Defendants Smith, Pierce, Booker and Cole had "supervisory power and authority to act on behalf" of UMHW, *Elezovic,* the ELCRA claims against them are futile.

Even evaluating the *specific* allegations of their alleged actions, Plaintiff's claims are futile. She asserts that Pierce and Smith "recommended" Plaintiff's termination. (PageID. 862, ¶ 199). However, that alleged "recommendation" does not form the basis for liability.

In *Kubik v. Central Michigan University Board of Trustees*, 221 F. Supp. 3d 885 (E.D. Mich. 2016),[6] the plaintiff claimed she was not reappointed to the journalism faculty because of her pregnancy. She sought individual liability under ELCRA from two journalism faculty members (Boudreau and Brost) and the erstwhile Chairperson of that department (Marron). Boudreau slammed down a soda can allegedly in anger over the plaintiff's absence from departmental meetings. *Id.* at 901. Defendant Brost indicated that the faculty believed that the plaintiff's pregnancy was not "beyond her control" and said that, because the plaintiff was able to attend law school, some faculty members felt she should not receive an extension of her tenure clock. *Id.* at 895. The faculty made a recommendation to the Dean not to reappoint, the Dean agreed, and so did the Provost. *Id.* at 900.

The court evaluated Brost and Boudreau's liability under ELCRA and concluded:

> ***Although the Journalism Department faculty are responsible for making an initial recommendation, that recommendation is independently reviewed by the Dean and Provost***. In *Sam Han* [*v. University of Dayton*, 541 F. App'x 622 (6th Cir. 2013)]*,* the plaintiffs non-renewal was based on the poor evaluation given by the faculty committee, and yet the individual faculty members were still found to not be agents. ***Thus, even if the Dean and Provost based their decision to not recommend Kubik for reappointment, in part, on the Department's***

---

[6] Affirmed on other grounds, 717 Fed.Appx. 577 (6th Cir. 2017).

> *recommendation, Kubik has not demonstrated that the individual faculty members are agents of CMU. Dutt offers support for a broader interpretation of "agent." However, the Sixth Circuit has rejected the expansive interpretation of "employer" under Title VII which the District Court for Delaware was adopting in Dutt. See Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997). Sam Han is directly on point, and any differences in the role or operation of the faculty committee there are insufficient to distinguish Kubik's claims. **Defendants Boudreau and Brost are Journalism Department faculty members. They had a vote on whether to recommend Kubik for reappointment, but had no supervisory power over her.***

221 F. Supp. 3d at 904-905 (emphasis added).

Plaintiff's claims against the individual defendants Pierce and Smith rest on the same essential basis as the *Kubik* plaintiff's claim against Boudreau and Brost. She asserts that they "recommended" her termination. (PageID. 862, ¶ 199). However, just as the department faculty members in *Kubik* could not be individually liable for the recommendation not to reappoint Ms. Kubik, Defendants Pierce and Smith cannot be liable for their alleged recommendation to terminate Plaintiff's employment. Accordingly, Plaintiff's proposed ELCRA claim against Pierce and Smith are futile.

The same is true of Defendants Cole and Booker, who allegedly "made the decision" to terminate her employment. (PageID. 862, ¶ 199). These allegations also are insufficient to impose individual liability under ELCRA. In *Kubik,* the Department Chairperson, Marron, was charged under the Bylaws with preparing a report and presenting it to faculty for approval. 221 F.Supp.3d at 905. Marron told the department she did not feel that Kubik's track record merited reappointment. 221 F.Supp.3d at 897.[7]

The Court rejected liability under ELCRA for Department Chair Marron:

> ***Defendant Marron was, for a portion of Kubik's time at CMU, the Chairperson of the Journalism Department. But the Chairperson does not review***

---

[7] Kubik also claimed that after she had to leave a departmental meeting on the subject of reappointment to pick up her son, Marron "singled her out in a totally inappropriate way" by sending an email to the other faculty members about it. *Id*. at 894, 897.

8

> *reappointment applications independently of the Department faculty. See Journalism Dep. Bylaws at 33 ("The chairperson of the Personnel Committee shall be responsible for preparing the report, sharing it with the committee for approval, and providing it to the candidate."). Thus, even though Marron might be construed as Kubik's supervisor, Marron did not have any additional, much less "ultimate," authority over whether Kubik was reappointed.* See Sam Han, 541 Fed.Appx. at 629. ***Because Defendants Boudreau, Brost, and Marron are not agents of CMU under the ELCRA, they cannot be sued individually.***

221 F. Supp. 3d at 904-905 (emphasis added).

Similarly, in *Misane v. City of Bangor*, No. 21-487, 2023 WL 2856692 (W.D. Mich. Apr. 10, 2023),[8] the plaintiff police officer was allegedly fired for his mishandling of a sexual conduct investigation. *Id*. at *2. He brought an action claiming in part retaliation and named, among others, City Attorney Graham, who had investigated the plaintiff's handling of the sexual conduct case and the plaintiff's own subsequent complaint of sexual harassment. Graham deemed the plaintiff's termination appropriate and made a recommendation to Williams, who terminated the plaintiff's employment. *Id*. at *2 & 10. In addressing the plaintiff's retaliation claim against Graham, the court held:

> ***Graham was likewise not the ultimate decision-maker. Graham investigated Misane's handling of the Mendoza case and the sexual harassment allegations against Simpson and provided a recommendation to Williams.*** "[I]t is settled in this circuit that a threat to discharge is not an adverse employment action." *Plautz v. Potter*, 156 F. App'x 812, 817 (6th Cir. 2005) (citing *Hollins v. Atl. Co.,* 188 F.3d 652, 662 (6th Cir. 1999)). Graham's recommendation does not amount to an adverse employment action, ***and Misane cites no caselaw that supports holding Graham individually liable under these circumstances***.

2023 WL 2856692 at *10 (emphasis added). Thus, although the court permitted the claim to proceed against decisionmaker Williams, it did not permit the retaliation claim to proceed under ELCRA against Graham, who made the "recommendation" to Williams.  See also *Hall v. State Farm Ins. Co*., 18 F. Supp. 2d 751 (E.D. Mich. 1998) (when courts permitted individual liability

---

[8] Cert. denied, No. 1:21-CV-487, 2023 WL 3017663 (W.D. Mich. Apr. 20, 2023).

9

under Title VII of the Civil Rights Act of 1964, there was no individual liability for an individual who allegedly "recommended [plaintiff] Hall's termination if she admitted to altering the Morgan or Ferguson file," or for an individual who "may have had some level of influence over Hall's promotion to the BI Claim Superintendent position and her transfer to the PIP unit" because these allegations "do not adversely affect the ultimate conclusion that they, along with Lollar, *lacked any authority to unilaterally terminate Hall's State Farm employment*.") (emphasis added).

Although Plaintiff alleges that Booker and Cole made a decision to terminate her, she further avers that it was Defendant Pai who made the "ultimate decision to fire" her and that he signed her termination notice. (PageID. 848, 862, ¶¶ 120, 199). Thus, Plaintiff does not claim that DEI Vice President Booker and HR Director Cole had "any additional, much less 'ultimate,' authority over" her. *Kubik, supra* at 905. Therefore, Plaintiff's proposed ELCRA claims against Booker and Cole are also futile. The proposed Second Amended Complaint should be denied.[9]

Leave also should be denied to Plaintiff for individual-capacity claims under ELCRA for the same reasons given in UMHW's Motion to Dismiss of Plaintiff's ELCRA claims: it fails to state a claim on which relief can be granted. See PageID. 271-272.

## C. THE COURT SHOULD DENY AS FUTILE PLAINTIFF'S PROPOSED REINSTATEMENT CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES

Plaintiff now acknowledges that she cannot seek reinstatement from Defendants in their individual capacities. (PageID. 961). However, Plaintiff seeks to "clarify" that her U.S. and

---

[9] In opposing the Motion to Dismiss on the individual defendants' liability for the alleged constitutional violations (ECF No. 55), Plaintiff crafts a story of a "management team" consisting of Smith and Cole who did not "disavow" the alleged statements by Defendant Pierce at a single meeting held on July 29, 2021. None of those accusations are evidence that each such individual had ultimate or unilateral authority over Plaintiff's employment.

10

Michigan Constitution claims for reinstatement (contained in Counts I, II, III, VI, VII and VIII) are permissible against Defendants in their official capacities. (PageID. 961).[10]

For reasons advanced in Defendants Pai, Booker, Cole, Pierce and Smith's Motion to Dismiss, the Court lacks subject matter jurisdiction over these claims, as they are barred by the Eleventh Amendment, and they fail to state claims on which relief can be granted. (See PageID. 650-671, 677-679). Therefore, these claims are futile and leave to amend should be denied.

### D. THE COURT SHOULD DENY AS FUTILE PLAINTIFF'S PROPOSED NOMINAL DAMAGES CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

In her Corrected First Amended Complaint, Plaintiff sought "nominal damages" from the individual Defendants in their individual and official capacities under 42 U.S.C. § 1983. (PageID. 550 554, 556, ¶¶ 233, 254, 265). Plaintiff now concedes that she cannot advance such nominal damages claims against Defendants in their official capacities. PageID. 961. She again seeks to "clarify" that she can pursue such claims against Defendants in their individual capacities. *Id.*

However, as shown in the individual Defendants' Motion to Dismiss, those claims should be dismissed based on their failure to state claims on which relief can be granted and qualified immunity. See PageID. 654-675. Therefore, these claims are futile and leave to amend should be denied.

### E. THE COURT SHOULD DENY AS FUTILE THE OTHER CLAIMS IN THE SECOND AMENDED COMPLAINT FOR THE REASONS SET FORTH IN DEFENDANTS' MOTIONS TO DISMISS

The proposed Second Amended Complaint is futile for each of the additional reasons set forth in Defendants' pending Motions to Dismiss (ECF Nos. 34 and 36) and forthcoming reply briefs.

---

[10] Plaintiff refers specifically in her Brief to PageID.550, 553-554, 565, 566, 568, ¶¶232, 252, 265, 331, 339, 351.

### III.   CONCLUSION

For the foregoing reasons, Defendants University of Michigan Health-West, Pai, Cole, Pierce, Smith and Booker respectfully request that this Honorable Court deny Plaintiff's Motion for Leave to Amend Corrected First Amended Complaint, and grant Defendants their costs and such other relief as this Court deems proper.

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
Larry R. Jensen (P60137)
Attorneys for Individual Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
jrabin@hallrender.com
ljensen@hallrender.com

May 23, 2023

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

This Brief complies with the word limit of L. Civ. R. 7.2(b)(i) because, excluding the parts exempted by L. Civ. R. 7.2(b)(i), it contains 3,831 words. The word count was generated using Microsoft Word for Microsoft 365 MSO.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
Larry R. Jensen (P60137)
Attorneys for Individual Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
jrabin@hallrender.com
ljensen@hallrender.com

May 23, 2023

4885-2707-9267v2