UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

VALERIE KLOOSTERMAN

      Plaintiffs

                                      Civil Action No. 1:22-cv-00944

v.                                   Hon. Jane M. Beckering

METROPOLITAN HOSPITAL, d/b/a
UNIVERSITY OF MICHIGAN HEALTH-WEST;
RAKESH PAI, an individual; RHAE-ANN
BOOKER, an individual; MARLA COLE, an
individual; THOMAS PIERCE, an individual; and
CATHERINE SMITH, an individual.

      Defendants.

---

**DEFENDANTS' BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO AMEND CORRECTED FIRST AMENDED COMPLAINT**

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

I.     INTRODUCTION ............................................................................................. 1

II.    ARGUMENT ..................................................................................................... 1

  A.  PLAINTIFF'S DELAY IN SEEKING LEAVE TO AMEND ......................................... 1

  B.  PLAINTIFF'S PROPOSED REPLY IS NOT THE PLACE TO MAKE
      ARGUMENTS SHE SHOULD HAVE MADE IN HER MOTION FOR
      LEAVE TO AMEND AND, IN ANY EVENT, THEY ARE MERITLESS ................... 2

    1.   Michigan Constitution Claims ..................................................... 2

    2.   ELCRA Individual Liability ......................................................... 5

III.   CONCLUSION .................................................................................................. 7

LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE ........................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Cady v. Arenac County*, 574 F. 3d 334 (6th Cir. 2009) .................................................... 3

*Droomer v. Flex-N-Gate Detroit, LLC*, No. 355117, 2021 WL 5019597 (Mich. Ct. App. Oct. 28, 2021)............................................................................................................... 4, 5

*Elezovic v. Ford Motor Co.*, 697 N.W.2d 851 (Mich. 2005)....................................... 4, 5

*Mays v. Snyder*, 323 Mich. App. 1, 916 N.W.2d 227 (Mich. App. 2018), *aff'd sub nom. Mays v. Governor of Michigan*, 954 N.W.2d 139 (2020)..................................................2-4

*McNeal v. Kott*, 590 F. App'x 566 (6th Cir. 2014) ......................................................... 5

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)...................... 3

*Scottsdale Ins. Co. v. Flowers,* 513 F. 3d 546 (6th Cir.2008) ......................................... 2

**Other Authorities**

Elliott-Larsen Civil Rights Act .......................................................................................4

## I.     INTRODUCTION

As shown below, this Court should deny Plaintiff's request to file a Reply to Defendants' Response to Plaintiff's Motion for Leave to Amend Corrected First Amended Complaint. In brief, it raises new issues that should have been raised in the underlying Motion and its Brief in Support. The issues Plaintiff raises are ones about which Plaintiff was well aware when she filed her Motion.

In addition to opposing the filing of Plaintiff's proposed Reply, Defendants respond herein to Plaintiff's new arguments on their merits. Thus, Defendants request that Plaintiff's Motion be denied but, even if the Court accepts Plaintiff's Reply for filing, the arguments herein address substantively the new arguments Plaintiff raises.[1]

## II.     ARGUMENT

### A.  PLAINTIFF'S DELAY IN SEEKING LEAVE TO AMEND

Defendants entirely disagree with the statements Plaintiff makes in her Motion that she did not delay in bringing her Motion for Leave to Amend Corrected First Amended Complaint ("Motion for Leave to Amend"). This is in part because, in amending her Complaint once previously without leave of the Court - and then correcting the same - Plaintiff made substantive revisions to the original Complaint to address *some* issues raised specifically by Defendants' initial Motions to Dismiss but without making other substantive revisions addressed in those same initial Motions to Dismiss. Then, in her pending Motion for Leave to Amend, Plaintiff proposed additional substantive modifications to her pleading in order to address other issues in Defendants' Motions to Dismiss.

---

[1] Although Defendants initially considered a motion seeking permission to file a Sur-Reply if Plaintiff's proposed Reply is accepted for filing, Defendants concluded that addressing Plaintiff's proposed arguments in the same document would be more efficient and respectful of the Court's obligations and that it would limit further unnecessary briefing. If the Court believes that separate additional briefing would be helpful for its determination of the issues, Defendants stand ready to do so.

Contrary to the assertion in Plaintiff's Motion, nothing about those tactics will "promote judicial economy," particularly where: (a) Defendants had to bring renewed Motions to Dismiss; (b) Defendants had to respond to her Motion for Leave to Amend seeking to allow a *second* amended complaint raising new theories of liability and requests for relief after Plaintiff failed to include them in the original Complaint and realizing she should have not have advanced other claims; (c) Defendants now must respond to a Motion seeking to file a Reply to Defendants' Response to Plaintiff's Motion for Leave to Amend in order to address arguments Plaintiff should have presented in her initial Motion and supporting Brief; and (d) Plaintiff's various errors push this Court to address countless separate filings, two new motions and responses.

**B. PLAINTIFF'S PROPOSED REPLY IS NOT THE PLACE TO MAKE ARGUMENTS SHE SHOULD HAVE MADE IN HER MOTION FOR LEAVE TO AMEND AND, IN ANY EVENT, THEY ARE MERITLESS**

### 1.     Michigan Constitution Claims

Plaintiff asserts that she needs to address her "ability to bring constitutional tort claims against the Individual Defendants." (PageID. 1049). However, the issues Plaintiff now wants to raise in her proposed Reply could and should have been considered and addressed in the underlying Motion for Leave to Amend itself. In that Motion, Plaintiff seeks to add claims against the individual Defendants for *individual* liability under the Michigan Constitution. At no point in her Motion for Leave to Amend or supporting Brief did Plaintiff even address whether *individual* liability against government actors could lie under the Michigan Constitution. (ECF Nos. 51, 52). Yet, now, after Defendants showed in their Response a wealth of authority that Plaintiff could not,[2] she argues in her proposed Reply that this authority should be disregarded in favor of a state court case, *Mays v Snyder,*[3] which recognized a possible but narrow judicially-inferred damages remedy for a Due Process claim

---

[2] PageID. 1019-1021.
[3] 323 Mich. App. 1, 916 N.W.2d 227 (Mich. App. 2018), *aff'd sub nom. Mays v. Governor of Michigan*, 954 N.W.2d 139 (2020).

arising from injury to bodily integrity due to toxic water exposure, and only in a case addressing individuals sued in their *official* capacities.

A reply brief is not the place to make new arguments and thereby deprive the opposing party of the opportunity to expose the weaknesses of the plaintiff's arguments. *Scottsdale Ins. Co. v. Flowers,* 513 F. 3d 546, 553 (6th Cir.2008). That is exactly what Plaintiff is seeking to do by way of the instant Motion and it should be denied.

As Plaintiff recognizes (PageID. 1057), the case on which she relies for her right to pursue claims under the Michigan Constitution (*Mays*), had nothing to do with individual liability and only sought damages from the Defendants in their official capacities. An official capacity claim is essentially one against the State itself.[4] See *Mays,* 916 N.W.2d at 275. ("[t]he *Jones* Court specifically contemplated the availability of *official-capacity* suits and was careful to evaluate the availability of alternative remedies…") (emphasis added). As Plaintiff knows, monetary relief against an individual defendant in their official capacity is barred in this Court by the Eleventh Amendment. See e.g., *Cady v. Arenac County*, 574 F. 3d 334, 342 (6th Cir. 2009).

Plaintiff argues in her proposed Reply that Article I, § 4 of the Michigan Constitution (the Free Exercise clause) "is more protective than the federal Free Exercise Clause" and that this fact authorizes Plaintiff to pursue that claim separately from her Section 1983 Free Exercise claim. Again, that assumes *Mays* applies to individual liability, a proposition Plaintiff does not argue.

Even if *Mays* did apply, *Mays* makes clear that such relief against government defendants depends, among other things, on the "unavailability of any other remedy." 916 N.W.2d at 274-275. However, here, Plaintiff seeks the same remedy for the same alleged wrong in Count I, her Section 1983 claim against Defendants in their individual capacities. Although Plaintiff may claim that the bar

---

[4] *Monell v. Dep't of Soc. Servs of City of New York.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978) (noting that official capacity claims "represent only another way of pleading an action against an entity of which an officer is an agent.").

is higher for Count I, it still permits her to seek a remedy for the alleged deprivation of her Free Exercise rights. Plaintiff also seeks injunctive relief from Defendants in their official capacities in that claim, including reinstatement. In addition, Plaintiff seeks monetary relief from UMHW under Title VII of the Civil Rights Act of 1964 for the alleged religious discrimination.

Plaintiff's proposed Reply fails to consider, let alone apply, the other four "factors" that *Mays* said it should consider. It listed the various factors as follows: "(1) the existence and clarity of the constitutional violation itself, (2) the degree of specificity of the constitutional protection, (3) support for the propriety of a judicially inferred damage remedy in any 'text, history, and previous interpretations of the specific provision,' (4) 'the availability of another remedy,' and (5) 'various other factors' militating for or against a judicially inferred damage remedy." 916 N.W.2d at 264-265. That failure alone (a waiver) is a basis for denying the proposed claim.

First, unlike *Mays*, this Court cannot conclude that Plaintiff's unusual claims against the individual Defendants (with far less authority than the Governor and Emergency Financial Managers at issue in that case) reflect the same "degree of outrageousness of the state actors' conduct." 916 N.W.2d at 268. There is no allegation even approximating the intentional concealment of toxic water data and false statements, as claimed in *Mays*. *Id*. Second, Plaintiff identifies no "support for the propriety of a judicially inferred damage remedy" from any text, history or prior interpretations of the Free Exercise clause. Indeed, the Free Exercise clause in Michigan's Constitution is silent on any remedy and the Legislature did not create one. Third, as shown in Defendants' Motion to Dismiss, the alleged violations of Plaintiff's Free Exercise right rests on a strained theory that other employees were afforded "secular" accommodation from practices that have *nothing* to do with the supposed pronoun policies she challenges (or the supposed policy requiring referrals for gender-transition drugs and procedures). Plaintiff's strained theory makes clear that the "existence and clarity of the constitutional violation itself" is anything but clear. *Id*. For each of these reasons, the Court should not carve out an

4

exception here to the rule that she cannot pursue individual liability from government actors under the Michigan Constitution.

### 2.      ELCRA Individual Liability

The same principle – that replies are not for new arguments – applies to Plaintiff's assertion that she needs to address "her ability to bring claims under the Elliott-Larsen Civil Rights Act against Defendants Pierce, Booker, Cole, and Smith." (PageID.1050).

In the Brief in Support of Plaintiff's Motion for Leave to Amend, Plaintiff cited *Elezovic v. Ford Motor Co.*, 472 Mich. 408, 418, 697 N.W.2d 851, 856-857 (Mich. 2005) for the proposition that "defendants can be sued in their individual capacity under the ELCRA." (PageID.961). That case specifically laid out the standard by which someone could be held individually liable as an "agent of the employer" under ELCRA. However, nowhere in Plaintiff's Brief did Plaintiff apply that standard to the allegations of her proposed Second Amended Complaint.

This is true despite Plaintiff's knowledge that the individual Defendants' authority to make the decisions at issue, including whether Plaintiff pleaded sufficient facts, was at issue. In the individual Defendants' Motion to Dismiss and their renewed Motion to Dismiss, Defendants made clear their position that Plaintiff did not plead factual allegations that Defendants Booker, Cole, Pierce and Smith actually made the decisions at issue or that they had unilateral authority to implement such decisions. (See e.g., PageID. 214-215, 218, 221, 656-657, 662-663). Yet, Plaintiff now wants to assert ELCRA claims against those individual Defendants.

Again, Plaintiff has waited to include this argument in a Reply, which the local rules do not permit in a non-dispositive motion without leave of the Court. In doing so, Plaintiff deprived Defendants of the opportunity to expose the weaknesses of her arguments. Accordingly, the instant Motion should be denied.

Further, in the proposed Reply, Plaintiff relies on the single unpublished decision in *Droomer v. Flex-N-Gate Detroit, LLC*, No. 355117, 2021 WL 5019597 (Mich. Ct. App. Oct. 28, 2021). In *Droomer,* as Plaintiff points out, the Court held that the individual, Curtis, could *not* be liable (because he did not make any discriminatory remarks). Therefore, the majority's conclusion that he could be considered an agent was pure dictum and not controlling. See e.g., *McNeal v. Kott*, 590 F. App'x 566, 571 (6th Cir. 2014) ("noncommittal dictum in an unpublished opinion does not outweigh controlling authority on the other side of the scale."). Further, the *Droomer* case would appear to have considered Curtis an "agent" solely on the basis that he conducted the investigation which resulted in termination of the plaintiffs' employment. *Id.* at *8.[5] However, it is important to note that Curtis was a management-level employee: either the HR Manager or Director to whom the alleged harassment victim reported the issues. *Id.* at *1.[6] This is an allegation that Plaintiff does not make about Defendants Pierce and Smith in particular. Finally, the issue in this case is not whether any of the Defendants had authority to conduct an investigation.

Defendants will not rehash here the failures in Plaintiff's Corrected First Amended Complaint, or the failures in her proposed Second Amended Complaint, to plead facts supporting individual liability against Defendants Booker, Cole, Pierce and Smith under ELCRA. Suffice it to say that these reasons have been addressed elsewhere in response to Plaintiff's Motion for Leave to Amend. (See PageID.1021-1026).

---

[5] Defendants respectfully disagree with that finding as contrary to the principle in *Elezovic* and the cases Defendants cite in response to Plaintiff's Motion for Leave to Amend.
[6] The *Droomer* case refers to Curtis at one point as "Director" and at another point as "Manager." *Id*.

### III.    CONCLUSION

For the foregoing reasons, Defendants University of Michigan Health-West, Pai, Cole, Pierce, Smith and Booker respectfully request that this Honorable Court deny Plaintiff's Motion and grant Defendants their costs and such other relief as this Court deems proper.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
Larry R. Jensen (P60137)
Attorneys for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
jrabin@hallrender.com
ljensen@hallrender.com

May 26, 2023

7

**CERTIFICATE OF COMPLIANCE**

This Brief complies with the word limit of L. Civ. R. 7.3(b)(i) because, excluding the parts exempted by L. Civ. R. 7.3(b)(i), it contains 2,021 words. The word count was generated using Microsoft Word for Microsoft 365 MSO.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
Larry R. Jensen (P60137)
Attorneys for Individual Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI  48084
(248) 740-7505
jrabin@hallrender.com
ljensen@hallrender.com

May 26, 2023

4881-4697-6358v2

8