**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VALERIE KLOOSTERMAN,

    *Plaintiff*,

  v.

METROPOLITAN HOSPITAL, d/b/a University of Michigan Health-West, et al.,

    *Defendants*.

No. 1:22-cv-00944-JMB-SJB
Hon. Jane M. Beckering

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS CORRECTED FIRST AMENDED COMPLAINT**

Plaintiff Valerie Kloosterman alerts the Court to two recent Supreme Court decisions, enclosed as Exhibits A and B, for the pending Motions to Dismiss and Motion to Amend. ECF No. 34, 36, 51.

In *Groff v. DeJoy*, the Supreme Court unanimously held that an employer may not deny an employee's religious accommodation based on bias or hostility toward her beliefs. "[A] hardship that is attributable to employee animosity to a particular religion, to religion in general, or to the very notion of accommodating religious practice cannot be considered 'undue.'" No. 22-174, 2023 WL 4239256 (June 29, 2023), at *12 ("bias or hostility to a religious practice or a religious accommodation" is no "defense to a reasonable accommodation claim"). The Court clarified that "undue hardship" cannot be hypothetical, but that the employer must "show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Id.* at 11. Courts must consider the practicality of accommodations given the employer's "size and operating cost." *Id.*

This decision is relevant to three of Ms. Kloosterman's arguments: (1) Defendants refused to consider Ms. Kloosterman's religious accommodation request, responding instead with animosity, bias and hostility, ECF No. 55, PageID.990-991, 996-997; (2) Defendants have not shown accommodating Ms. Kloosterman would cause undue hardship, ECF No. 49, PageID.812-816; and (3) Defendants could have easily accommodated Ms. Kloosterman's religious beliefs. ECF No. 49, PageID.810.

In *303 Creative v. Elenis*, the Court held that government actors may not force Americans to speak messages that violate their beliefs. Colorado's nondiscrimination law violated the Free Speech Clause by compelling a Christian website designer to create same-sex wedding websites.

2

Governments may not wield nondiscrimination policies to cause "the coercive '[e]liminati[on]' of dissenting 'ideas.'" No. 21-476, 2023 WL 4277208 (June 30, 2023), at *9.

*303 Creative* is relevant to Ms. Kloosterman's argument that Defendants cannot force her to speak messages that violate her conscience, including by affirming statements that conflicted with her beliefs, using preferred pronouns that conflict with biological sex, or referring for gender-transition drugs and procedures. ECF No. 55, PageID.1000-1004.

Respectfully submitted this 6th day of July, 2023.

*s/ Kayla A. Toney*
Kayla A. Toney
FIRST LIBERTY INSTITUTE
1331 Pennsylvania Ave., NW, Suite 1410
Washington, DC 20003
Tel. (972) 941-4444
ktoney@firstliberty.org

James R. Wierenga
Michigan Bar #P48946
99 Monroe Ave, NW
Suite 1210
Grand Rapids, MI
Tel. (616) 454-3883
jim@dwlawpc.com

David J. Williams
Michigan Bar #P76932
Bossenbrook Williams PC
1600 Abbot Road, Ste. 200
East Lansing, MI 48823
Tel. (517) 333-5789
david@bossenbrook.com

Michael D. Berry
Michigan Bar #P69206
David J. Hacker
Andrew W. Gould
Roger Byron
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy. #1600
Plano, TX 75075
Tel. (972) 941-4444
mberry@firstliberty.org
dhacker@firstliberty.org
agould@firstliberty.org
rbyron@firstliberty.org

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this 6th day of July, 2023, filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing.

      *s/ Kayla A. Toney*
Kayla A. Toney
FIRST LIBERTY INSTITUTE
1331 Pennsylvania Ave., NW, Suite 1410
Washington, DC 20003
Tel. (972) 941-4444
ktoney@firstliberty.org

July 6, 2023