UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

VALERIE KLOOSTERMAN

    Plaintiffs

v.

METROPOLITAN HOSPITAL, d/b/a
UNIVERSITY OF MICHIGAN HEALTH-WEST;
RAKESH PAI, an individual; RHAE-ANN
BOOKER, an individual; MARLA COLE, an
individual; THOMAS PIERCE, an individual; and
CATHERINE SMITH, an individual.

    Defendants.

Civil Action No. 1:22-cv-00944
Hon. Jane M. Beckering

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

In a notice of supplemental authority, Plaintiff directs this Court's attention to two decisions, both recently issued from the Supreme Court of the United States, *Groff v. DeJoy*, No. 22-174, 2023 WL 4239256 (U.S. June 29, 2023) (ECF No. 66-1) and *303 Creative LLC v. Elenis*, No. 21-476, 2023 WL 4277208 (U.S. June 30, 2023) (ECF No. 66-2). Plaintiff overstates these decisions and their relevancy to Defendants' pending Motions to Dismiss. (ECF Nos. 34-37).[1]

The Supreme Court's decision in *Groff* examined the petitioner's failure to accommodate claims under Title VII. Here, Plaintiff's Title VII claim alleging religious discrimination and disparate treatment is brought against only Defendant University of Michigan Health-West ("UMHW"). (PageID.556). The Supreme Court's opinion in *Groff* has no bearing on Defendants Pai, Booker, Cole, Pierce, and Smith's pending Motion to Dismiss.

Plaintiff is correct that the Supreme Court's opinion in *Groff* clarified the applicable undue hardship standard when denying a religious accommodation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). *Groff*, 2023 WL 4239256, at *12. The Supreme Court's holding in *Groff* is that Title VII requires employers denying a religious accommodation to "show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Id.* The Supreme Court explained that undue hardship is ***not*** something "very small or trifling," but instead something "substantial in the overall context of the business." *Id.* at *10. But contrary to Plaintiff's representations, courts must apply the undue hardship test "to take into account all relevant factors in the case, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of an employer." *Id.* at *11 (internal quotation marks omitted).

---

[1] While Plaintiff states in the notice of supplemental authority that she is alerting this Court to these recent Supreme Court decisions for her pending Motion to Amend, Plaintiff offers ***no*** explanation as to its relevancy or impact on her pending Motion to Amend. (PageID.1124).

1

Plaintiff's proposed application of *Groff* in this case is misplaced because the Supreme Court did **not** examine Title VII undue hardship in the context of increased risk for legal liability. Plaintiff argues that the Supreme Court's decision in *Groff* is relevant based upon variations of the same allegation— that UMHW failed to provide Plaintiff a religious accommodation. (PageID.1124). But, as set forth in UMHW's Brief and Reply Brief in support of its Motion to Dismiss, Plaintiff's requests to: (i) not use patients' preferred pronouns, (ii) not document patients' preferred pronouns in medical records, and (iii) not refer patients to alternate providers for medical services, would have increased UMHW's potential for legal liability or required UMHW to violate federal law or regulations. (PageID.701-705, 1114-1117). ***The Supreme Court did not address undue hardship under Title VII in the context of increased risk for legal liability***. Consistent with *Groff*, UMHW considered the particular impact of Plaintiff's requested accommodations; and they would have – at a minimum – increased UMHW's risk for legal liability. Importantly, the Supreme Court in *Groff* does not overturn the controlling authority cited in UMHW's Brief that Title VII does ***not*** require employers to provide an accommodation that places it on the "razor's edge" of increasing its risk for legal liability or violating federal or state law. (PageID.707-08).

Plaintiff also contends (erroneously) that *Groff* is relevant because Defendants responded to Plaintiff's religious accommodation request "with animosity, bias, and hostility." (PageID.1124). While *Groff* provides that bias or hostility to a religious practice or religious accommodation is not a defense to a reasonable accommodation claim, Plaintiff's Corrected First Amended Complaint makes clear that the two alleged words – evil and liar – make no reference or inference to Plaintiff's religious beliefs or requested accommodation. *Groff*, 2023 WL 4239256, at *12; (PageID.525-26, ¶¶ 91, 94).

As for *303 Creative*, Plaintiff's federal constitutional claims are brought against Defendants Pai, Booker, Cole, Pierce, and Smith, not UMHW, and therefore could have no impact on the latter.[2] Further, the *303 Creative* decision examined the petitioner's Free Speech claims in the context of businesses operating as places of public accommodations. The Supreme Court held in *303 Creative* that the First Amendment forbids the State of Colorado from compelling a website designer to create websites endorsing same-sex marriage or expressing any other message with which she disagrees. *303 Creative*, 2023 WL 4277208, at *11, 16.

Unlike the State of Colorado in *303 Creative*, the Individual Defendants do not assert in their Motion to Dismiss that they could compel speech from Plaintiff that she did not wish to express. Rather, the Individual Defendants argue in their Motion that they are entitled to dismissal of Plaintiff's Free Speech claim ***because Plaintiff's alleged speech was related to her official duties and thereby not protected by the First Amendment***. (PageID.667-668, 1095-1096). The Supreme Court's *303 Creative* decision does not alter its precedent in *Garcetti v. Ceballos*, 547 U.S. 410, 421, 126 S. Ct. 1951, 1960, 164 L. Ed. 2d 689 (2006), that public employees who make statements pursuant to their official duties are ***not*** entitled to First Amendment protection.

Moreover, Plaintiff's reliance on *303 Creative* reinforces the Individual Defendants' qualified immunity defense. Plaintiff cites *303 Creative* for the proposition that "Governments may not wield nondiscrimination policies to cause the coercive [e]liminati[on] of dissenting ideas." (partial internal quotations omitted). Reliance on this new holding as supplemental authority supports the proposition that the law was not "clearly established" at the time of the alleged

---

[2] Even if Supreme Court's *303 Creative* decision reached Plaintiff's claim that UMHW violated her rights of free speech under Michigan's Constitution, Plaintiff has already agreed to dismiss her claims against UMHW under Michigan's Constitution because they are barred by the Eleventh Amendment. (PageID.822).

violation. See e.g., *Dill v. City of Edmond*, 155 F.3d 1193, 1212 (10th Cir. 1998) (Tenth Circuit decision two years after the events which led to the lawsuit did not provide clearly established law).

                                       Respectfully submitted,

                                       HALL RENDER KILLIAN HEATH & LYMAN, PC

                                       /s/ Larry R. Jensen
                                       Jonathon A. Rabin (P57145)
                                       Larry R. Jensen (P60137)
                                       Attorneys for Defendants
                                       101 W. Big Beaver Road, Suite 745
                                       Troy, MI  48084
                                       (248) 740-7505
                                       jrabin@hallrender.com
                                       ljensen@hallrender.com

Date: July 10, 2023