UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

VALERIE KLOOSTERMAN

      Plaintiffs

v.

METROPOLITAN HOSPITAL, d/b/a
University of Michigan Health-West, d/b/a
Metro Health – University of Michigan
Health, et al

      Defendants.

Civil Action No. 1:22-cv-00944
Hon. Jane M. Beckering

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT TO COMPEL ARBITRATION**

# **TABLE OF CONTENTS**

Page

**TABLE OF AUTHORITIES** ................................................................................................... iii

**INTRODUCTION**.................................................................................................................... 1

**STATEMENT OF FACTS**...................................................................................................... 1

**ARGUMENT**........................................................................................................................... 1

    I.  THE COURT SHOULD COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS .............. 1

        A.  The Strong Federal Policy Favoring Arbitrability of Disputes .................................. 2

        B.  Plaintiff's Claims Fall Within the Scope of the Arbitration Clause ........................... 3

        C.  Plaintiff's Claims Against the Individual Defendants Are Encompassed by the Arbitration Clause.................................................................................................... 5

    II.  THE COURT SHOULD DISMISS THE CASE RATHER THAN STAY IT PENDING ARBITRATION. ................................................................................................................ 7

**CONCLUSION** ........................................................................................................................ 8

**LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE** ....................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Arabian Motors Group WLL v. Ford Motor Co.*, 495 F. Supp. 3d 541 (E.D. Mich. 2020) ............................................................................................................................. 7

*Arnold v. Arnold Corp.*, 668 F.Supp. 625 (N.D. Ohio 1987) ........................................... 6

*Arnold v. Arnold Corp.*, 920 F.2d 1269 (6th Cir. 1990) ............................................... 5, 6

*AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) ................................................................................. 3

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ............................................... 2

*Battaglia v. McKendry*, 233 F.3d 720 (3d Cir. 2000) ...................................................... 4

*Boykin v. Family Dollar Stores of Michigan, LLC*, 3 F.4th 832 (6th Cir. 2021) ............ 2

*Burrows v. Bidigare/Bublys, Inc.,* 158 Mich.App. 175, 404 N.W.2d 650 (Mich.Ct.App.1987) .......................................................................................................... 6

*Davidson v. Becker*, 256 F. Supp. 2d 377 (D. Md. 2003) ................................................. 5

*Foxworth v. Radio One, Inc.,* No. 240131, 2003 WL 22244073 (Mich.Ct.App. Sept.30, 2003) ..................................................................................................................... 6

*Gillespie v. Colonial Life & Acc. Ins. Co.,* No. 08-689, 2009 WL 890579 (W.D. Pa. Mar. 30, 2009) ........................................................................................................................... 4

*Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010) ......................................................................................................................... 3

*Hilti, Inc. v. Oldach*, 392 F.2d 368 (1st Cir. 1968) .......................................................... 6

*In re Automotive Parts Antitrust Litig.*, 951 F.3d 377 (6th Cir. 2020) ........................... 2

*Javitch v. First Union Securities, Inc.*, 315 F. 3d 619 (6th Cir. 2003) ............................. 2

*Knepper v. Holley Dev. Co.,* No. 283668, 2009 WL 529867 (Mich.Ct.App. Mar.3, 2009) ..................................................................................................................................... 6

*Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) ................................................................................................. 2

*Moore v. Ferrellgas, Inc.*, 533 F. Supp. 2d 740 (W.D. Mich. 2008) ........................... 4, 7

iii

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ................................................................................................... 2

*Myrick v. GTE Main Street Inc.,* 73 F. Supp. 2d 94 (D. Mass. 1999) ............................................ 5

*Orcutt v. Kettering Radiologists, Inc.*, 199 F. Supp. 2d 746 (S.D. Ohio 2002) ......................... 3, 4

*Parsley v. Terminix Int'l Co., L.P.*, No. 97-394, 1998 WL 1572764 (S.D. Ohio Sept. 15, 1998) ................................................................................................................................ 3

*Parsley v. Terminix International Co.,* 1998 WL 1572764 (S.D. Ohio Sept. 15, 1998) (Rice, J.) ............................................................................................................................ 4

*Powell v. Sparrow Hosp.*, No. 10-206, 2010 WL 2901875 (W.D. Mich. July 23, 2010) ............... 7

*Saneii v. Robards,* 187 F.Supp.2d 710 (W.D.Ky.2001) ................................................................. 7

*Stout v. J.D. Byrider,* 228 F.3d 709 (6th Cir.2000) ....................................................................... 6

*Sweet Dreams Unlimited, Inc. v. Dial–A–Mattress Int'l, Ltd.*, 1 F.3d 639 (7th Cir. 1993) ................................................................................................................................ 3

*Tanglewood Hospitality Venture, Inc. v. Ogle,* No. 3:05-CV-184, 2005 WL 2060769 (E.D.Tenn. Aug.25, 2005) ................................................................................................ 7

*Waffle House*, 122 S.Ct. at 762 ..................................................................................................... 3

**Statutes**

9 U.S.C. § 4 ..................................................................................................................................... 1

Federal Arbitration Act .............................................................................................................. 1, 2

Title VII of the Civil Rights Act of 1964 ...................................................................................... 4

**Rules**

Fed. R.Civ. P. 12(b)(1) ................................................................................................................... 2

Fed. R.Civ. P. 12(b)(3) ................................................................................................................... 2

Fed. R.Civ. P. 12(b)(6) ................................................................................................................... 2

Rule 56(c) ....................................................................................................................................... 2

**INTRODUCTION**

In this Motion, Defendants seek to compel arbitration of all claims alleged in Plaintiff Valerie Kloosterman's Second Amended Complaint. As set forth in detail below, Plaintiff's Physician Assistant Employment Agreement contains a valid and binding arbitration clause.

**STATEMENT OF FACTS**

In November 2009, Plaintiff signed a Physician Assistant Employment Agreement. (Ex. A) ("Employment Agreement"). As part of the Employment Agreement, Plaintiff agreed:

> **28. Arbitration**. Any controversy, dispute or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled in accordance with the then existing rules of the American Arbitration Association and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The fees and expenses for such arbitration shall be paid equally by the Hospital and the Physician Assistant. (Ex. A, Employment Agreement, ¶ 28).

Plaintiff Valerie Kloosterman's Second Amended Complaint asserts various claims of discrimination against her, the alleged failure to accommodate her religious beliefs and violations of her rights under the U.S. Constitution. All of these claims arise out of and relate to her former employment with Defendant University of Michigan Health-West ("UMHW"). Plaintiff also named five individual Defendants as employees of UMHW and seeks relief from them both in their official and individual capacities.

**ARGUMENT**

I.  **THE COURT SHOULD COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS**

*The Proper Procedure is Summary Judgment; Questions of Arbitrability for the Court*

Section 4 of the Federal Arbitration Act permits a party to petition a district court for an order compelling arbitration when the parties have a written arbitration agreement. 9 U.S.C. § 4.

1

The Sixth Circuit has stated that summary judgment under Rule 56(c) is ordinarily the proper framework for consideration of a motion to compel arbitration. *Boykin v. Family Dollar Stores of Michigan, LLC*, 3 F.4th 832, 838-839 (6th Cir. 2021). The question of whether the parties are bound by the arbitration clause is a question of arbitrability for the Court to decide. *In re Automotive Parts Antitrust Litig.*, 951 F.3d 377, 381 (6th Cir. 2020) ("Generally, 'whether the parties are bound by a given arbitration clause raises a "question of arbitrability" for a court to decide.'").[1]

In determining whether a dispute is arbitrable, the Court must engage in a limited review to determine whether a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement. *Javitch v. First Union Securities, Inc.*, 315 F. 3d 619, 624 (6th Cir. 2003).[2]

A.  **The Strong Federal Policy Favoring Arbitrability of Disputes**

The FAA reflects "both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotations marks and citations omitted). Consistently, the Supreme Court has made clear that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Accord: *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985) (when a court construes an arbitration agreement under the FAA, "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability"). The

---

[1] To the extent this Court disagrees, Defendants move alternatively under Fed. R.Civ. P. 12(b)(1), 12(b)(3) and/or 12(b)(6).
[2] Plaintiff cannot claim that the agreement to arbitrate is invalid.

2

Court therefore must resolve "any doubts concerning the scope of arbitral issues . . . in favor of arbitration." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010).

### B.    Plaintiff's Claims Fall Within the Scope of the Arbitration Clause

As set forth above, Plaintiff's Employment Agreement states that "[a]ny controversy, dispute or claim arising out of or relating to this Agreement, or the breach thereof," must be settled in arbitration. (Ex. A, Employment Agreement, ¶ 28).

The Supreme Court, in *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), described as "broad" a clause which provided for arbitration of "any differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder . . . ." *See also Sweet Dreams Unlimited, Inc. v. Dial–A–Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993) ("'arising out of' reaches all disputes . . . whether or not they implicate interpretation or performance of the contract per se").[3]

Courts have repeatedly concluded that arbitration clauses like that in Plaintiff's Employment Agreement render employment-related claims arbitrable. For example, in *Orcutt v. Kettering Radiologists, Inc.*, 199 F. Supp. 2d 746 (S.D. Ohio 2002), the Court held that various discrimination and harassment claims were arbitrable based on language very similar to that at issue in the instant case:

> Second, the Court must determine whether the parties agreed to arbitrate the instant dispute. "Absent some ambiguity in the agreement, however, it is the language of the contract that defines the scope of disputes subject to arbitration."

---

[3] *See also Parsley v. Terminix Int'l Co., L.P.*, No. 97-394, 1998 WL 1572764, at *7 (S.D. Ohio Sept. 15, 1998) (claim stemming from allegations that the exterminator used a highly toxic pesticide causing wrongful death was arbitrable where the agreement provided that "any controversy or claim between [the parties] arising out of or relating to this agreement shall be settled exclusively by arbitration" and explaining that the phrase "arising out of or relating to" has been interpreted broadly).

3

> *Waffle House*, 122 S.Ct. at 762. In the present case, ***Plaintiff has agreed to arbitrate "[a]ny controversy or claim arising out of or relating to this Agreement or the breach thereof." This Court and other courts have construed the phrase "arising out of or relating to" broadly, interpreting it to encompass all claims, contractual or tort, which touch upon matters covered by the agreement.*** See, e.g., *Parsley v. Terminix International Co.,* 1998 WL 1572764 (S.D. Ohio Sept. 15, 1998) (Rice, J.); *Battaglia v. McKendry*, 233 F.3d 720 (3d Cir. 2000). ***In her Complaint, Plaintiff alleges that she suffered discrimination, harassment, and retaliation by KRI during the course of her employment and was wrongfully terminated from her position. These claims clearly arise out of or relate to her employment agreement with KRI and, therefore, they all fall within the scope of the arbitration provision.***

199 F. Supp. 2d at 753 (emphasis added).

By way of further example, this Court in *Moore v. Ferrellgas, Inc.*, 533 F. Supp. 2d 740 (W.D. Mich. 2008), considered an employment agreement which provided for arbitration of "[a]ny dispute (whether the dispute sounds in contract, tort, or otherwise) arising out of or relating to this Agreement or its breach." *Id*. at 747. The Court held that the plaintiff's claims of age discrimination and disparate treatment were, "beyond question," covered by that agreement because the "factual allegations underlying his claims arise out of or relate to his employment relationship with Defendant." *Id.* That was true even though the arbitration clause did not expressly contemplate arbitration of claims that arose out of or related to that "employment relationship." *See id.*

In *Gillespie v. Colonial Life & Acc. Ins. Co.,* No. 08-689, 2009 WL 890579 (W.D. Pa. Mar. 30, 2009), the Court examined language in an employment agreement providing that "every claim, controversy or dispute arising out of or related to this agreement, or the breach thereof" was to be settled through arbitration. *Id*. at *8. The Court concluded that the plaintiff employee's sexual harassment and retaliation claims under Title VII of the Civil Rights Act of 1964 were covered by the arbitration clause and explained that "the breadth of the language of the arbitration clause establishes that it was intended to apply to any claim, controversy or dispute related to [plaintiff's]

4

business relationship with [defendant], and not merely to disputes relating to specific provision[s] of the Agreement or breach thereof." *Id.*

Many other cases are in accord. *Davidson v. Becker*, 256 F. Supp. 2d 377 (D. Md. 2003) (compelling arbitration of race discrimination claims against former employer where the employment agreement's arbitration clause provided that any "controversies or disagreements arising out of, or relating to, this Agreement or the breach thereof, shall be settled by arbitration…" and noting that the pre-termination actions and the termination itself "bear a strong relationship with the employment agreement"); *Myrick v. GTE Main Street Inc.,* 73 F. Supp. 2d 94, 95-96 (D. Mass. 1999) (rejecting contention that clause providing for arbitration of "any disputes arising from this contract" did not cover the plaintiff's discrimination claim because the clause meant that "all disputes arising out of GTE and Myrick's contractual relationship, (e.g., Myrick's discrimination and harassment claims), are arbitrable").

Consistent with the foregoing authorities, the Court should compel arbitration of this dispute.

### C. Plaintiff's Claims Against the Individual Defendants Are Encompassed by the Arbitration Clause

Plaintiff's claims against the individual Defendants are also subject to the arbitration clause in the Employment Agreement. In *Arnold v. Arnold Corp.*, 920 F.2d 1269 (6th Cir. 1990), the appellant was the trustee of a private trust and had been ordered by the district court to arbitrate claims relating to a stock purchase agreement against the Arnold Corporation. The trustee maintained that it did not have to arbitrate its claims against the individual defendants who, the trustee alleged, had fraudulently induced the trustee into the agreement. On appeal, the Sixth Circuit rejected the trustee's contention:

5

>       Because we have decided that the case must be referred to arbitration, we must finally decide whether the nonsignatory defendants are entitled to arbitration as agents of the signatory defendant, The Arnold Corporation.
>
>       Appellant argues that it cannot be compelled to arbitrate its claims against the nonsignatory defendants, who did not sign the stock purchase agreement, based on an agency theory, because the nonsignatory defendants were not acting in any representative or agency capacity with regard to the claims in dispute, nor do their positions as officers or directors of the Arnold Corporation serve as the basis for their liability.
>
>       Appellees argue that appellant in his original complaint alleged that fraud was perpetrated by the company's board through its "officers, directors and agents" and that he tacked on the nonsignatory parties — seven individuals and a corporation — as defendants in his amended complaint in a transparent attempt to avoid arbitral resolution of his dispute.
>
>       ***We agree with the district court that if appellant "can avoid the practical consequences of an agreement to arbitrate by naming nonsignatory parties as [defendants] in his complaint, or signatory parties in their individual capacities only, the effect of the rule requiring arbitration would, in effect, be nullified."*** *Arnold v. Arnold Corp*., 668 F.Supp. 625, 629 (N.D. Ohio 1987). See also *Hilti, Inc. v. Oldach*, 392 F.2d 368, 369 n. 2 (1st Cir. 1968).

*Arnold*, 920 F.2d at 1281 (emphasis added).

Consistently in an employment case, the Hon. Robert Holmes Bell explained:

> ***Plaintiff contends, however, that even if the arbitration agreement governs her claims against Sparrow Hospital, the individual Defendants cannot compel arbitration because they are not parties or signatories to the Employment Agreement. Plaintiff's contention is not supported by the case law. Companies act through their employees. Accordingly, where claims against individual employees or owners of a company are identical to those against the company, the claims against the individuals are similarly governed by the agreement to arbitrate***. *Burrows v. Bidigare/Bublys, Inc.,* 158 Mich.App. 175, 404 N.W.2d 650, 654 (Mich.Ct.App.1987); *Knepper v. Holley Dev. Co.,* No. 283668, 2009 WL 529867, at *2 (Mich.Ct.App. Mar.3, 2009); *Foxworth v. Radio One, Inc.,* No. 240131, 2003 WL 22244073, at *2 (Mich.Ct.App. Sept.30, 2003). "If the rule were otherwise, the right of a professional corporation to provide in a contract for settlement of contractual disputes by arbitration would be effectively damaged or destroyed. The opposing party would have the option of ignoring the arbitration requirement and suing in court the individual professionals of the corporation." *Burrows,* 404 N.W.2d at 654.
>
> ***The Court concludes that Plaintiff's dispute with Defendants is arbitrable: there***

6

> ***is a valid agreement to arbitrate and the dispute falls within the substantive scope of that agreement.*** *See Masco,* 382 F.3d at 627. The best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice. *See Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir.2000) (affirming district court's dismissal of complaint "without prejudice to reinstatement should further proceedings be needed after arbitration"); *Saneii v. Robards,* 187 F.Supp.2d 710, 713 (W.D.Ky.2001) (dismissing complaint without prejudice in light of binding arbitration agreement); *Tanglewood Hospitality Venture, Inc. v. Ogle,* No. 3:05-CV-184, 2005 WL 2060769, *2 (E.D.Tenn. Aug.25, 2005) (dismissing without prejudice to enable resolution of dispute by arbitration). Accordingly, the Court will dismiss Plaintiff's claims without prejudice so that she may pursue arbitration of her claims pursuant to the procedures outlined in the Employment Agreement.

*Powell v. Sparrow Hosp.*, No. 10-206, 2010 WL 2901875, at *4 (W.D. Mich. July 23, 2010) (emphasis added).

As the authorities set forth above make clear, Plaintiff's claims against the individual defendants, in both their official and individual capacities, are governed by the arbitration clause. The claims against them also should be ordered to arbitration.

## II. THE COURT SHOULD DISMISS THE CASE RATHER THAN STAY IT PENDING ARBITRATION.

When all claims are subject to arbitration, the appropriate procedure is to dismiss the case, rather than to stay the case pending arbitration. *Moore v. Ferrellgas, Inc*., 533 F. Supp. 2d 740, 751-752 (W.D. Mich. 2008); *Arabian Motors Group WLL v. Ford Motor Co*., 495 F. Supp. 3d 541, 551-552 (E.D. Mich. 2020).

Because all claims in the Second Amended Complaint are subject to the arbitration clause, the Court should dismiss the case.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Honorable Court grant this Motion, compel arbitration of Plaintiff's claims and dismiss this action.

                Respectfully submitted,

                HALL RENDER KILLIAN HEATH & LYMAN, PC

                /s/ Jonathon A. Rabin
                Jonathon A. Rabin (P57145)
                Larry R. Jensen (P60137)
                Attorneys for Defendants
                101 W. Big Beaver Road, Suite 745
                Troy, MI  48084
                (248) 740-7505
                jrabin@hallrender.com
                ljensen@hallrender.com

November 2, 2023

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

This Brief complies with the word limit of L. Civ. R. 7.2(b)(i) because, excluding the parts exempted by L. Civ. R. 7.2(b)(i), it contains 2,325 words. The word count was generated using Microsoft Word for Microsoft 365 MSO.

Respectfully submitted,

HALL RENDER KILLIAN HEATH & LYMAN, PC

/s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
Larry R. Jensen (P60137)
Attorneys for Defendants
101 W. Big Beaver Road, Suite 745
Troy, MI 48084
(248) 740-7505
jrabin@hallrender.com
ljensen@hallrender.com

November 2, 2023

4892-6347-9122v3